UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH I GANTHER, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. G-09-267 |
| BRENDA CHANEY, *et al*, | § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

State inmate Kenneth Ganther (TDCJ #1266740) has filed suit under 42 U.S.C. §1983, alleging violations of his civil rights. He proceeds *pro se* and *in forma pauperis*. Ganther has supplemented his complaint with a more definite statement of his claims. After reviewing all of the pleadings as required by 28 U.S.C. §1915A(a), the Court concludes that this case must be dismissed for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915A(b)(1). A case may be dismissed for being frivolous if the claims have no realistic chance of ultimate success or have no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Ganther sues defendant prison officials Brenda Chaney, Steve Massie, Captain Armstrong, Lt. Guidry, Pamela Johnson and Lt. Rayme. Ganther complains that these defendants violated his constitutional rights by interfering with his access to the law library while his was in transit for thirty-one days, between February 9, 2009 and March 12, 2009. In his more definite statement, Ganther claims that the denial of access to the law library violated his access to courts and as a result, his federal application for writ of habeas corpus (4:07-cv- 4203) was dismissed.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith.* 430 U.S. 817, 825 (1977). The Fifth Circuit has held that "Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). This constitutional guarantee does not, however, afford prisoners unlimited access to prison law libraries. *Id*. at 230. In order to state a constitutional violation for denial of access to the courts, plaintiff must show a "relevant actual injury" caused by the defendants' alleged unconstitutional conduct." *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (stating that in order to prevail on an access-to-the-courts claim,

plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"). The right of access is not unlimited, but encompasses a prisoner's reasonably adequate opportunity to file non-frivolous legal claims challenging convictions or his conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1999). This requires the inmate to allege that his ability to pursue a "non-frivolous," "arguable" legal claim was hindered. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to courts. *Lewis*, 518 U.S. at 348. In this case, Ganther does not allege facts showing that he was denied the opportunity to file a non-frivolous claim.

Ganther alleges that his federal writ of habeas corpus was dismissed because he was denied access to the law library for thirty-one days while he was in transit. This claim is less than forthcoming. The docket sheet in civil action no. 4:07-cv- 4203, reveals that a motion for summary judgment was filed by the respondent on March 18, 2008. Ganther had thirty days to file a response and did so on March 27, 2008. After reviewing all relevant pleadings, summary judgment evidence and the response, the case was dismissed and final judgment was entered by The Honorable David Hittner on March 13, 2009. Ganther filed a timely appeal, which was denied by the United States Court of Appeals for the Fifth Circuit on October 20, 2009. Clearly, Ganther had every opportunity to pursue every legal remedy available and he did so. He has presented to facts or evidence to show that any defendant hindered his ability to litigate his habeas corpus action. Absent allegations demonstrating that Ganther was denied the ability to bring a non-frivolous claim, he fails to establish that the defendants improperly interfered with

his constitutional right of access to court. Accordingly, his complaint must be dismissed for failure to state a claim.

Accordingly, the plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. §1915(e)(2)(B), as frivolous and for failure to state a claim.

All pending motions, if any, are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Ms. Betty Parker.**

SIGNED at Houston, Texas this 30th day of April, 2012.

Kenneth M. Hoyt
United States District Judge